UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIS IFIL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BISHOP CORPORATE SOLUTIONS,<br><br>　　　　　Defendant. | 2:10-CV-2010 JCM (PAL) |

**ORDER**

Presently before the court is defendant Bishop Corporate Solutions, LLC' response to plaintiff's motion for entry of default and motion to dismiss. (Doc. #9). Plaintiff Willis Ifil filed a reply in support of his motion for entry of default and an opposition to defendant's motion to dismiss. (Doc. #12). Defendant failed to file a reply, yet filed a second motion to dismiss (doc. #13). Plaintiff filed a motion to strike the defendant's motions to dismiss (doc. #15).

Plaintiff Willis Ifil filed his complaint against defendant Bishop Corporate Solutions, LLC on November 17, 2010, alleging violations of the Fair Debt Collection Practices Act. (Doc. #1). According to the plaintiff, defendant was served on January 10, 2011 (doc. #5), yet failed to respond in any manner. Therefore, on March 2, 2011, plaintiff filed a motion for entry of clerk's default. (Doc. #6). Subsequently, on March 3, 2011, default was entered against defendant Bishop Corporate Solutions, LLC. (Doc. #7).

Claiming that it was never served with the complaint and that "in fact, [this was] the first time [it] ha[d] seen any documents regarding this matter," defendant filed a response to the motion

**James C. Mahan**
**U.S. District Judge**

1  for default and a motion to dismiss. (Doc. #9). Although the defendant is a limited liability company,
2  the documents filed were done so by its president Dianne Jeanotte, and not by an attorney. In
3  response to her filings, the plaintiff filed a reply supporting entry of default and opposing dismissal.
4  (Doc. #12).

**Proper Service**

6       In his reply/opposition (doc. #12), plaintiff provides the court with evidence purporting to
7  prove that the summons and complaint were properly served on the defendant. (Doc. #12-1 Exhibit
8  A). Pursuant to Federal Rule of Civil Procedure 4(e)(1), service of process is proper if it meets the
9  state of Nevada's service process requirements. Rule 4(d)(1) of the Nevada Rules of Civil Procedure
10 provides that service may be made to any member of a member-managed limited liability company,
11 or any manager of a manager-managed limited liability company. Nevada Rule of Civil Procedure
12 4(d)(1)(iv) and (v).

13      Here, in the process server's affidavit (doc. #12-1 Exhibit A), he declares that he first
14 attempted to serve process at a residence, but was unsuccessful. However, when he attempted service
15 at the address listed as Bishop Corporate Solutions, LLC's office, a "white male who identified
16 himself as the manager" accepted service, and then threw the papers at him as he exited. (Doc. #12-1
17 Exhibit A). Plaintiff asserts that evidence of this nature establishes "a prima facie case of the account
18 of the method of service, and thus, in the absence of contrary facts, [courts] presume that [the
19 defendant] was properly served with the complaint." *Old Republic Ins. Co. V. Pacific Financial*
20 *Services of America, Inc.*, 301 F.3d 54, 57 (2nd Cir. 2002).

21      Defendant did not reply to plaintiff's opposition, or provide the court with any facts to
22 support its assertion that it wasn't properly served. However, when examining whether service was
23 properly effectuated, the court finds that it was not. The defendant Bishop Corporate Solutions is a
24 limited liability company in the state of Nevada, managed by managing members, as evidenced by
25 the secretary of state website. Also evident from the secretary of state website, is that Dianne
26 Jeannotte is the sole manager listed under the "Officers" section.

27      As demonstrated above, proper service on an LLC is accomplished by serving any member

**James C. Mahan**
**U.S. District Judge**

- 2 -

of a member-managed limited liability company, or any manager of a manager-managed limited liability company. Nevada Rule of Civil Procedure 4(d)(1)(iv) and (v). As defendant's affidavit declares that a man who identified himself as a manager received the summons and complaint and then threw the documents at him, service was improper. The man was not a managing member of the limited liability company; he was simply the manager of the office. Dianne Jeannotte is the sole manager and the proper party to be served. Thus, service was not effectuated and default (doc. #7) against Bishop Corporate Solutions, LLC was improperly entered.

**Corporate Representation/Motion To Strike**

An entity may not appear in federal court without representation through licensed counsel, and may not proceed *pro se. See Rowland v. California Men's Colony*, 506 U.S. 194 at 202 (1993). *See also Osborn v. President of Bank of United States,* 9 Wheat 738, 829, 6 L.Ed. 204 (1824); *See also Turner v. American Bar Assn*., 407 F.Supp.451, 476 (1975, N.D. of Texas). Here, defendant Bishop Corporate Solutions is a limited liability company, not a natural person. However, it has filed two *pro se* motions to dismiss (doc. #9 and #13).

Neither pleading bears the signature of an attorney or indicates that the limited liability company is represented by counsel. Accordingly, plaintiff asks this court to strike the defendant's pleadings for "engaging in the unauthorized practice of law." (Doc. #15). Defendant failed to file an opposition to this motion, and has not appeared in the case since March of 2011. The court is inclined to strike the defendant's improper *pro se* filings (docs. #9 and #13), and order it to obtain counsel. Failure to obtain counsel within thirty (30) days from the date of this order will result in final judgment being entered against defendant.

Good cause appearing,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Willis Ifil's motion to strike (doc. #15) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that defendant's *pro se* motions to dismiss (docs. #9 and #13) be, and the same hereby are, STRICKEN.

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that clerk's entry of default against defendant Bishop Corporate Solutions (doc. #7) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that defendant Bishop Corporate Solutions obtain counsel within thirty (30) days from the date of this order. Failure to do so will result in final judgment being entered against it.

DATED July 13, 2011.

**UNITED STATES DISTRICT JUDGE**